UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOELLE MAJOR, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC., a Delaware Corporation; and DOES 1–10, inclusive,<br>    Defendants. | Case No.: 5:12-CV-03067 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>**[Re: Docket Nos. 23, 39]** |

Plaintiff Noelle Major ("Plaintiff" or "Major") filed this putative class action against Defendant Ocean Spray Cranberries, Inc. ("Defendant" or "Ocean Spray"). Plaintiff has alleged that several of Defendant's food products have been improperly labeled so as to amount to misbranding and deception in violation of several California and federal laws. Presently before the Court is Plaintiff's Motion for Class Certification filed pursuant to Rule 23 of the Federal Rules of Civil Procedure. Having fully reviewed the parties' papers, the Court will DENY Plaintiff's Motion for Class Certification for the reasons explained below.

1

Case No.: 5:12-CV-03067 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DENYING
PLAINTIFF'S MOTION TO STRIKE

## I. Background

Plaintiff Major, a resident of California, alleges that she purchased several of Defendant's products in California. The Amended Complaint states that Plaintiff purchased "Ocean Spray juices and drinks" that were allegedly "unlawfully labeled 'No Sugar Added' or bearing improper nutrient content claims, or false representations that the products are free from artificial colors, flavors or preservatives." Am. Compl. at 1. The Amended Complaint also states that she purchased Defendant's products with the following labels: (1) Blueberry Juice Cocktail, (2) 100% Juice Cranberry & Pomegranate, (3) Diet Sparkling Pomegranate Blueberry, (4) Light Cranberry, and (5) Ruby Cherry. Am. Compl. ¶¶ 156–57. Plaintiff purchased the Diet Sparkling Pomegranate Blueberry drink and the Light Cranberry drink once each. Decl. of Daniell K. Newman, Ex. A, Noelle Major Deposition ("Major Depo.") at 48:7–12, 59:21–60:3. Plaintiff purchased the Ruby Cherry drink, the Blueberry Juice Cocktail drink, and the 100% Juice Cranberry & Pomegranate on multiple occasions. Id. at 68:7-69:2, 80:10–25, 94:24–95:6.

Plaintiff alleges that these and other of Defendant's products contained packaging and labeling that were unlawful, false, or misleading. On June 15, 2012, Plaintiff filed a Complaint individually and on behalf of others similarly situated bringing forth the following nine causes of action: violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (counts 1–3); violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq., (counts 4–5); violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq. (count 6); restitution based on unjust enrichment or quasi-contract (count 7); and breach of warranty in violation of the Song-Beverly Act, Cal. Civ. Code § 1790 et seq. (count 8) and the Magnuson-Moss Act, 15 U.S.C. § 2301 (count 9). See Compl., Docket Item No. 1.

On March 29, 2013, Plaintiff filed the Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel, presently before the Court. See Docket Item No. 23 ("Class Certification Motion"). Defendant filed an opposition to this motion on May 3, 2013. See Docket Item No. 33.

2

Case No.: 5:12-CV-03067 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DENYING PLAINTIFF'S MOTION TO STRIKE

On May 14, 2013, the Court granted the parties' stipulation to amend the Complaint. See Docket Item No. 36. In the stipulation, Plaintiff sought to amend the Complaint's Sixth Cause of Action to request monetary damages and to dismiss the Complaint's Eighth and Ninth Causes of Action; the proposed Amended Complaint would remain identical in all other respects. In addition, Defendant was not required to answer the Amended Complaint, and all denials, responses, and affirmative defenses contained in Defendant's Answer to the Complaint shall be deemed responsive to the Amended Complaint. Id. Plaintiff's Amended Complaint was filed pursuant to this stipulation on May 14, 2013. See Docket Item No. 37.

The Amended Complaint defined the putative class as follows:

California Class: All persons in the state of California who, within the last four years, purchased any of Defendant's products

(1) labeled "No Sugar Added" but which (a) contained concentrated fruit juice and/or (b) provided more than 40 calories per reference amount customarily consumed but which failed to bear a statement (i) disclosing that the product was not "low calorie" or "calorie reduced" and (ii) directing consumers' attention to the nutrition panel for further information on sugar and calorie content;

(2) represented to contain no artificial colors, flavors or preservatives but which contained artificial colors, flavors or preservatives;

(3) represented to be "healthy" but which contains no qualifying nutrient at the mandated 10% DV threshold; or

(4) represented to contain or be a source of an antioxidant or nutrient for which either no RDI exists or which is present in the food at less than the 10% DV threshold.

Am. Compl. ¶ 166. Plaintiff's Class Certification Motion seeks certification of the following putative class:

All persons in the state of California who, from four years prior to the filing of the original complaint until the date of notice, purchased any products from the following product lines of Defendant:

3
Case No.: 5:12-CV-03067 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DENYING PLAINTIFF'S MOTION TO STRIKE

      (1) 100% Juice (in any of the product line's flavors, e.g., 100% Juice Cranberry Pomegranate); or

      (2) Juice Drinks (in any of the product line's flavors, e.g., Blueberry Juice Cocktail); or

      (3) Sparkling (in any of the product line's flavors, e.g., Diet Sparkling Pomegranate Blueberry); or

      (4) Cherry (in any of the product line's flavors, e.g.,[]Ruby Cherry).

Class Certification Motion, at i. In addition, Plaintiff moves the Court to order the following:

    To appoint Plaintiff Noelle Major as class representative;

    To appoint the firms of Pratt & Associates, David Shelton, Attorney at Law, and Barrett Law Group, P.A. as counsel for the class; and

    To order the parties to meet and confer and present to this Court, within fifteen (15) days of an order granting class certification, proposed notice to the certified class.

Id.

## II. Legal Standard

A party seeking class certification must provide facts sufficient to satisfy the requirements of Federal Rule of Civil Procedure 23. Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1308–09 (9th Cir. 1977); Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001). Under Rule 23(a), a class may only be certified if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, the party seeking certification must show that the action falls within one of the three subsections of Rule 23(b).

A trial court has broad discretion in making the decision to grant or deny a motion for class certification. Bateman v. Am. Multi–Cinema, Inc., 623 F.3d 708, 712 (9th Cir. 2010). A party seeking class certification must affirmatively demonstrate compliance with Rule 23 and be

4
Case No.: 5:12-CV-03067 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DENYING PLAINTIFF'S MOTION TO STRIKE

prepared to prove that the requirements of Rule 23 are met. Wal–Mart Stores, Inc. v. Dukes, 564 U.S. ––––, –––– – ––––, 131 S.Ct. 2541, 2550–51 (2011). This requires a district court to conduct a "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." Id. at 2551.

"'Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'" Chavez v. Blue Sky Natural Beverage Co., 268 F.R.D. 365, 376 (N.D. Cal. 2010) (quoting Schwartz v. Upper Deck Co., 183 F.R.D. 672, 679–80 (S.D. Cal. 1999)). "An identifiable class exists if its members can be ascertained by reference to objective criteria. A class description is insufficient, however, if membership is contingent on the prospective member's state of mind." Schwartz, 183 F.R.D. at 679–80 (internal quotation marks omitted). In other words, it must be administratively feasible to determine whether a particular person is a class member. See id.

**III.    Discussion: Rule 23(a) Has Not Been Met Because Plaintiff Major's Claims Are Not Typical of Those of All Proposed Class Members**

Rule 23(a)(3) requires that Plaintiff's claims be typical of those that would be advanced by the proposed class. Fed. R. Civ. P. 23(a)(3). The test for Rule 23(a) typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d 1168, 1175 (9th Cir. 2010); Ries v. Arizona Beverages USA LLC, 287 F.R.D. 523, 539 (N.D. Cal. 2012). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).

"The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of class." Hanon, 976 F.2d at 508 (internal citations omitted). As such, in determining whether to certify a class, a district court must "ensure that the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." In re Graphics Processing Units Antitrust Litig., 253 F.R.D. 478, 489 (N.D. Cal. 2008) (quoting Prado–Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1279 (11th Cir. 2000)). In that regard, the Supreme Court has stated that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 156 (1982) (internal quotation marks omitted); see also In re Graphics Processing Units Antitrust Litig., 253 F.R.D. at 490 ("[T]he representative plaintiffs simply do not have the appropriate incentive to establish . . . violations with respect to all of the absent class members . . . ."). The typicality requirement has been found to not be satisfied where the evidence needed to prove at least one of the named plaintiff's claims is not probative of the other class members' claims. See id.; Wiener v. Dannon Co., Inc., 255 F.R.D. 658, 665 (C.D. Cal. 2009); Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group, L.P., 247 F.R.D. 156, 178 (C.D. Cal. 2007). In the context of cases involving several products at issue—like the one presently before the Court—district courts have held that the typicality requirement has not been met where the "named plaintiff . . . purchased a different product than that purchased by unnamed plaintiffs." Wiener, 255 F.R.D. at 666; see also Gonzalez v. Proctor & Gamble Co., 247 F.R.D. 616 (S.D. Cal. 2007); Lewis Tree Serv., Inc. v. Lucent Techs. Inc., 211 F.R.D. 228 (S.D.N.Y.2002); Kaczmarek v. Int'l Bus. Machs. Corp., 186 F.R.D. 307, 313 (S.D.N.Y. 1999).

With that standard in mind, the Court finds that Plaintiff, the proposed class representative, has not met her burden of showing that her claims are typical of those of the proposed class members pursuant to Rule 23(a)(3). As an initial matter, the Court notes that Plaintiff's proposed class as described in the Amended Complaint is markedly different from the one described in

6
Case No.: 5:12-CV-03067 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DENYING PLAINTIFF'S MOTION TO STRIKE

1   Plaintiff's Class Certification Motion. Compare Am. Compl. ¶ 166 with Class Certification
2   Motion, at i. Both vaguely refer to a variety of Defendant's products and do not identify specific
3   and particular products that were alleged to have been purchased by Plaintiff. In any event, despite
4   the differences, the Court's conclusion regarding the lack of typicality applies both to the putative
5   class of the Amended Complaint as well as that of the Class Certification Motion.

6   The primary reason behind the Court's determination that the typicality requirement has not
7   been met is that Plaintiff's proposed classes are so broad and indefinite that they encompass
8   products that she herself did not purchase. See Wiener, 255 F.R.D. at 666. In her deposition,
9   Plaintiff has asserted that she purchased five of Defendants' products. See Am. Compl. ¶¶ 156–57;
10  Major Depo. at 48:7–12, 59:21–60:3, 68:7-69:2, 80:10–25, 94:24–95:6. The putative classes
11  Plaintiff seeks to certify would include purchases of these products, but would also encompass a
12  whole host of other products that Plaintiff had nothing to do with. For example, the putative class
13  described in the Amended Complaint would include any of Defendant's products "represented to
14  contain no artificial colors, flavors or preservatives but which contained artificial colors, flavors or
15  preservatives." The putative class of the Class Certification Motion refers to entire lines of
16  products; as an example, Plaintiff seeks to include any product from the "Sparkling" line of
17  products. This appears to be based on the fact that Plaintiff purchased Defendant's Diet Sparkling
18  Pomegranate Blueberry drink. However, in both of these examples, Plaintiff's Class Certification
19  Motion fails to link any of those products to any alleged misbranding issue let alone making an
20  allegation that Plaintiff purchased all of the products in these product lines. As such, the claims of
21  the unnamed plaintiffs who purchased products Plaintiff herself did not buy are not "fairly
22  encompassed by [Plaintiff's] claims." Falcon, 457 U.S. at 156.

23  Further demonstrative of Plaintiff's failure to meet the Rule 23(a) typicality requirement is
24  the fact that the labels and nutrition claims on each of Defendant's products may be unique to that
25  product itself. An illustration of this can be seen in Plaintiff's using her purchase of the Diet
26  Sparkling Pomegranate Blueberry drink to derive a putative class of individuals who purchased any

7
Case No.: 5:12-CV-03067 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DENYING
PLAINTIFF'S MOTION TO STRIKE

product in Defendant's supposed "Sparkling" line of products. Plaintiff's Amended Complaint belies her attempt to satisfy the typicality requirement in that respect: Plaintiff bases her mislabeling causes of action with regard to the Diet Sparkling Pomegranate Blueberry drink product, in part, on the claims made on the specific label of this specific drink product. See Am. Compl. ¶ 157. Because this language includes specific claims about blueberries, it would only be applicable to drinks containing blueberries. However, Plaintiff seeks to certify a class that would include purchases of all of Defendant's "Sparkling" drink products including those that do not contain blueberries. In other words, the content that purportedly gives rise to Plaintiffs claims is unique to the specific and particular product she purchased and has no applicability to other products within the same line. The evidence needed to prove Plaintiff's claim that the Diet Sparkling Pomegranate Blueberry drink contained false or misleading labeling is not probative of the claims of unnamed class members who purchased products within the "Sparkling" line that did not contain blueberries. See In re Graphics Processing Units Antitrust Litig., 253 F.R.D. at 489–90.

For these reasons, Plaintiff has failed to meet the typicality requirement of Rule 23(a)(3), which is a necessary component for class certification. As typicality is required for class certification, it is unnecessary to address the other elements of Rule 23.

## IV. Conclusion and Order

Because Plaintiff has not met the Rule 23(a)(3) typicality requirement, her Motion for Class Certification is DENIED. The Court also orders that Plaintiff's Motion to Strike is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: June 10, 2013

_____
EDWARD J. DAVILA
United States District Judge

8

Case No.: 5:12-CV-03067 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DENYING PLAINTIFF'S MOTION TO STRIKE