UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOELLE MAJOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC.,<br><br>Defendant. | Case No. 5:12-cv-03067-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 50, 55 |

Plaintiff Noelle Major ("Plaintiff") filed this putative class action against Defendant Ocean Spray Cranberries, Inc. ("Defendant"). Plaintiff has alleged that several of Defendant's food products have been improperly labeled so as to amount to misbranding and deception in violation of several California and federal law. Presently before the Court are two matters: (1) Plaintiff's second Motion for Class Certification filed pursuant to Rule 23 of the Federal Rules of Civil Procedure, and (2) Defendant's Motion for Partial Summary Judgment. See Docket Item Nos. 50, 55. Having fully reviewed the parties' papers, and for the reasons explained below, the Court GRANTS Defendant's Motion for Partial Summary Judgment and DENIES Plaintiff's Motion for Class Certification as moot.

**I.     BACKGROUND**

Plaintiff, a resident of California, alleges that she purchased several of Defendant's products in her home state. The Amended Complaint states that Plaintiff purchased "Ocean Spray juices and drinks" that were allegedly "unlawfully labeled 'No Sugar Added' or bearing improper nutrient content claims, or false representations that the products are free from artificial colors, flavors or preservatives." Am. Compl., Docket Item No. 37, at ¶ 1. The Amended Complaint also

1

Case No.: 5:12-cv-03067-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

states that she purchased Defendant's products with the following labels: (1) Blueberry Juice Cocktail, (2) 100% Juice Cranberry & Pomegranate, (3) Diet Sparkling Pomegranate Blueberry, (4) Light Cranberry, and (5) Ruby Cherry. Id. at ¶¶ 156–57. Plaintiff purchased the Diet Sparkling Pomegranate Blueberry drink and the Light Cranberry drink once each. Decl. of Daniell K. Newman, Ex. A, Noelle Major Deposition ("Major Depo.") at 48:7-12, 59:21-60:3. Plaintiff purchased the Ruby Cherry drink, the Blueberry Juice Cocktail drink, and the 100% Juice Cranberry & Pomegranate on multiple occasions. Id. at 68:7-69:2, 80:10–25, 94:24-95:6.

On March 29, 2013, Plaintiff filed her first Motion for Class Certification, appointment of class representative, and appointment of class counsel. See Docket Item No. 23. Defendant opposed the motion. See Docket Item No. 33. On June 10, 2013, the Court denied Plaintiff's Motion because she did not satisfy the typicality requirement of Rule 23(a)(3). See Docket Item No. 44.

On November 1, 2013, Plaintiff filed a second motion for class certification, appointment of class representative, and appointment of class counsel, presently before the Court. See Docket Item No. 50. Mindful of the Court's June 10, 2013 order denying class certification, Plaintiff narrowed her class definition by seeking coverage of only Defendant's 100% Juice products. She alleges that Defendant's 100% Juice products contained packaging and labeling that were unlawful, false, or misleading. In addition, Plaintiff contends that because Defendant labels its 100% Juice products identically with respect to the "No Sugar Added" claim, the different flavors do not, at least for purposes of this motion, distinguish them as different products. In contrast to the class definition contained in the Amended Complaint, Plaintiff's second motion seeks certification of the following putative class: "All persons in the state of California who, from June 14, 2008, until the date of notice, purchased Defendant's 100% Juice product labeled 'No Sugar Added.'" In addition, Plaintiff moves for an order appointing her as class representative and appointing her attorneys as counsel for the class.

Defendant filed its Motion for Partial Summary Judgment on January 3, 2014. There,

2

Case No.: 5:12-cv-03067-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Defendant limitd its arguments to the 100% Juice products that are the subject of Plaintiff's motion for class certification. See Docket Item No. 55.

## II. LEGAL STANDARD

As described above, these motions overlap since Defendant moves for partial summary judgment on the same claims that form the basis of Plaintiff's class certification motion. Under these circumstances, Defendant's motion must be decided first because, if that motion is granted and summary judgment on the 100% Juice products claims is entered in favor of Defendant, the certification motion is rendered moot. Accordingly, the Court begins with the standard applied to motions for summary judgment.

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

Case No.: 5:12-cv-03067-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

1  A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III.   DISCUSSION

Plaintiff argues that Defendant's 100% Juice labels violate California's Unfair Competition Law ("UCL"), false advertising laws, and the Consumers Legal Remedies Act ("CLRA") because the labels were deceptive since they contained the "No Sugar Added" messaging without the required disclaimer language.[1]  Am. Compl. at ¶¶ 65-82. Because of Defendant's alleged false and misleading labeling practices, Plaintiff argues she relied on the misbranded labels and was deceived into purchasing Defendant's 100% Juice products. Id. As a result of Defendant's allegedly unlawful, fraudulent, and misleading labeling, Plaintiff argues Defendant was enriched at the expense of Plaintiff and the Class. Id. ¶ 234. She seeks damages and injunctive relief in her seventh cause of action.

Defendant posits a number of reasons why the 100% Juice products claims should be summarily adjudicated. First, Defendant argues that Plaintiff's claims under the UCL, CLRA and the false advertising laws fail because Plaintiff correctly understood that 100% juice products are not low-calorie foods and, therefore, cannot produce evidence showing that she relied on the challenged statements. Second, Defendant argues that because Plaintiff's testimony indicates that she knew what the term "No Sugar Added" meant, and since her understanding is factually

---

[1] The disclaimer language from 21 C.F.R § 101.60(c)(2) provides, in pertinent part, that unless a product also meets the requirements to be labeled as a reduced or low calorie food, products that are labeled as "no sugar added" must also bear "a statement that the food is not 'low calorie' or 'calorie reduced' . . . and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content."

4
Case No.: 5:12-cv-03067-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

consistent with Ocean Spray's juice-making process, the term is neither false nor deceptive. Finally, Defendant argues that Plaintiff's claims fail because Plaintiff did not suffer any "injury in fact" since she did not pay a premium for Ocean Spray products as a result of the alleged labeling issues. The Court agrees with Defendant's first two arguments.

### A. Plaintiff Correctly Understood Defendant's Products Were Not Low Calorie and Did Not Rely On Challenged Statements

Plaintiff's theory is set forth in the Amended Complaint at paragraphs 75 and 76, which allege:

> [b]ecause consumers may reasonably be expected to regard terms that represent that the food contains 'no sugar added' or sweeteners as indicating a product which is low in calories or significantly reduced in calories, consumers are misled when foods that are not low-calorie . . . are falsely misrepresented." And "[f]or these reasons, Defendant's 'no sugar added' claims at issue in this Complaint are misleading and in violation of 21 C.F.R. § 101.60(c)(2) and California law. . . .

In order for Plaintiff to prevail on this theory, California law requires she prove reliance, or that the alleged misrepresentations - here, that consumers were misled because foods not low in calories were falsely represented - motivated her purchasing decision. See In re Tobacco II Cases, 46 Cal. 4th 298, 306 (2009) (plaintiff "must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions"); Marolda v. Symantec Corp., 672 F. Supp. 2d 992, 1002-1003 (N.D. Cal 2009) (reliance is essential element of CLRA claim); Kwikset Corp. v. Super. Ct., 51 Cal. 4th 310, 330 (Cal. 2011) (plaintiff establishes reliance by showing that "he or she would not have bought the product but for the misrepresentation"); Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777 (9th Cir. 2012) (affirming dismissal of UCL and CLRA claims where plaintiffs had not relied on the defendant's alleged misrepresentations).

Defendant argues that Plaintiff could not have been deceived or misled by the lack of a § 101.60(c)(2) disclaimer along with the "No Sugar Added" labeling because the evidence shows "she never believed the products were reduced calorie." In support of this argument, Defendant

5

Case No.: 5:12-cv-03067-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

points to Plaintiff's deposition testimony where, when asked whether she purchased Defendant's 100% Juice product because she thought it was a reduced calorie product, she answered "no." Major Depo. at 108:3-16. Similarly, when Plaintiff was asked by Defendant whether she thought Defendant's 100% Juice products were low calorie products at the time she purchased them, she again answered "no." Id. Thus, based on Plaintiff's own testimony, Defendant argues that the absence of the disclaimer informing consumers the products were not low-calorie did not influence Plaintiff's decision to purchase Defendant's products. In other words, Defendant argues that, at deposition, Plaintiff admitted she did not rely to her detriment on the absence of the disclaimer language because she knew Defendant's products were not low-calorie, and further admitted that calorie content was not a motivating factor for her purchase in any event.

In response, Plaintiff argues that her claims relating to the "No Sugar Added" messaging do not "hinge on whether the Plaintiff thought the beverage was low calorie or not." She believes that her labeling claim survives summary judgment because other portions of her testimony establish that she was drawn to Defendant's products because of the "No Sugar Added" messaging on the label. Major Depo. at 102-103. Furthermore, Plaintiff argues her claim survives summary judgment because she thought Defendant's products were "better and healthier" because of the alleged mislabeling of Defendant's 100% Juice products.

The Court first addresses Plaintiff's argument that her claim based on the mislabeling survives because she thought Defendant's product was "better" or "healthier." Irrespective of whether or not, as Defendant argues, Plaintiff is attempting to change the theory disclosed in her Amended Complaint - which she is - or amend her Complaint "on the fly" in response to potentially dispositive arguments, this argument is unpersuasive. As stated above, Plaintiff's theory requires her to show that she relied on allegedly deceptive or misleading statements (or ommissions) on labels when she decided to purchase Defendant's 100% Juice products. Although Plaintiff's Amended Complaint alleges that Defendant misbranded its products as "being healthy," she has not identified any statements on Defendant's label that proclaims its products as "better"

6

Case No.: 5:12-cv-03067-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

or "healthier."  Similarly, this argument fails to the extent Plaintiff proffers it as a way to demonstrate a disputed issue of material fact because she has not presented any evidence which shows that Defendant's 100% Juice labels make any comparative claim regarding the "health" or "healthiness" of the product.  Nor was any evidence presented indicating that the labels purport the 100% Juice products to be "better" than any competitor product.  Thus, the Court concludes that Plaintiff cannot meet her burden in opposition simply by raising allegations or theories which are unsupported by any actual evidence, particularly when (1) the theory differs from the one disclosed in the Amended Complaint, and (2) there is specific testimony from Plaintiff demonstrating that a § 101.60(c)(2) disclaimer would not have factored into her decision to purchase the 100% Juice products.  Her argument is rejected for these reasons.[2]

Next, the Court analyzes whether Plaintiff's testimony that she relied on the "No Sugar Added" message is sufficient to preclude summary judgment to Defendant on her claims.  Looking at the record, there is at least reasonable dispute on the issue of whether Defendant's 100% Juice products should have contained a § 101.60(c)(2) disclaimer in conjunction with the "No Sugar Added" message.  Assuming, arguendo, this would also create a genuine issue of material fact does as to whether this omission rendered the "No Sugar Added" message false or misleading for consumers,  Plaintiff still does not escape the effect of the evidence.  Here, Plaintiff's own deposition testimony establishes that she never believed Defendant's products were low-calorie.  Again, in order for Plaintiff to prevail on her theory of mislabeling due to an absence of the § 101.60(c)(2) disclaimer, Plaintiff must have relied on the "No Sugar Added" message, not to mean some general level of healthiness, but to mean that the 100% Juice products were low-calorie or low in calories.

---

[2] It is also worth noting that Plaintiff's Amended Complaint relates any "healthy" claims to Defendant's alleged violations of the minimum nutrient requirements of 21 C.F.R. § 101.65, not her claims relating to the "No Sugar Added" messaging and the lack of a § 101.60(c)(2) disclaimer. See Am. Compl. ¶¶ 110, 113 ("Defendant violated these rules by claiming its Misbranded Food Products were "healthy" when they failed to meet the minimum nutritional requirements of 21 C.F.R. § 101.65").  This adds further support to the conclusion that Plaintiff cannot defeat this motion by producting deposition testimony addressing a separate theory.

7
Case No.: 5:12-cv-03067-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Since the undisputed material facts demonstrate that Plaintiff cannot prove that the lack of a § 101.60(c)(2) disclaimer factored into her purchasing decision, the Court will grant Defendant's motion on Plaintiff's claims that the 100% Juice products are misbranded because they contained the "No Sugar Added" messaging without a § 101.60(c)(2) disclaimer.

### B. The "No Sugar Added" Messaging is Factually Accurate and Conforms to Plaintiff's Understanding

In addition to the theory discussed above, Plaintiff also alleges that Defendant misbranded its 100% Juice products, in violation of both Federal and California labeling requirements, because the products contained an ingredient of "concentrated fruit juice" despite the "No Sugar Added" message on the label. Am. Compl. ¶¶ 65-82. In support of this allegation, Plaintiff relies on 21 C.F.R. § 101.60(c)(2)(ii) and California Health and Safety Code § 110100,[3] both of which prohibit use of a "No Sugar Added" message on the label of a food "containing added sugars such as jam, jelly, or concentrated fruit juice." She contends she was motivated to purchase Defendant's 100% Juice products based on the "No Sugar Added" message because "it seems like it's healthier" for her children. Major Depo., pp. 24, 100-103. Plaintiff's testimony reveals she was concerned about her children's sugar intake. Id.

Defendant argues that the "No Sugar Added" message was not false, misleading, or deceptive because it "literally was true," and comported with the Plaintiff's own understanding of the message. Defendant points to other portions of Plaintiff's deposition testimony, where Plaintiff, when asked by Defendant what the "No Sugar Added" message meant to her, she stated, "[t]hat there's literally nothing containing sugar that's added to this other than the natural sugar from the fruit." Defendant argues that Plaintiff's understanding is entirely accurate and directly contradicts her own legal theory.

Defendant also submitted a declaration from Kathryn Kaufman, Defendant's principal food

---

[3] Health and Safety Code § 110100 incorporates into California law "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act."

8
Case No.: 5:12-cv-03067-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

scientist responsible for developing the formula of Ocean Spray's 100% Juice Cranberry and Pomegranate flavored blend of 5 juices, which expounded on the difference between "fruit juice from concentrate" and "fruit juice concentrate." Her declaration states that juices from concentrate, such as Defendant's products, contain the same ratio of water to sugar solids and other compounds that exist naturally. See Declaration of Kathryn Kaufman ("Kaufman Decl."), Docket Item No. 55, at ¶ 9. This is in contrast to products containing fruit juice concentrate, which do contain a higher level of sugar than would exist naturally. Defendant argues this evidence demonstrates that its 100% Juice products correctly carried the "No Sugar Added" message.

The difference between "fruit juice from concentrate" and "fruit juice concentrate" is important because the precise language of § 10160(c)(2)(ii) (and by extension, Health and Safety Code § 110100) prohibits the use of the term "No Sugar Added" only when the products contain an ingredient containing added sugars "such as *concentrated fruit juice*." Defendant's labels at issue all contain an ingredient list which clearly disclose that the 100% Juice products "contain[] various juices *from concentrate*." Accordingly, the evidence produced by Defendant supports its contention that the "No Sugar Added" message was properly applied to its products, at least with respect to § 101.60(c)(2)(ii) for the purposes of this motion.

Thus, it becomes Plaintiff's burden to show, in spite of Defendant's evidence demonstrating otherwise, that there is a material factual dispute as to whether the use of the "No Sugar Added" message was false, misleading or deceptive when the ingredients contain "various juices from concentrate." She has not done so. Plaintiff's legal theory is based on an overbroad application of § 10160(c)(2)(ii) because it does not account for the difference between "fruit juice from concentrate" and "fruit juice concentrate." As the plain language of the regulation makes clear, only "ingredients containing added sugars" are prohibited from carrying the "No Sugar Added" label. Since the undisputed evidence[4] establishes that Defendant's 100% Juice products,

---

[4] Plaintiff did submit a declaration from her own expert, Edward Scarborough. His declaration,

made with juice *from* concentrate, contain the same amount of sugar that would have existed naturally, the products cannot be said to contain "added sugars." Thus, Defendant met its burden to show that application of the "No Sugar Added" message to the products' labels does not violate § 10160(c)(2)(ii), and Plaintiff's theory of liability fails as result.

For these reasons, the court will grant Defendant's motion on Plaintiff's claims that the 100% Juice products are misbranded because they contain "concentrated fruit juice" despite the "No Sugar Added" message on the label.

### C. Conclusion

Because Defendant's motion will be granted with respect to all theories of liability related to the 100% Juice products, the court need not address Defendants' additional argument with respect to damages. In addition, this result renders moot Plaintiff's Motion for Class Certification on these same theories.

## IV. ORDER

Based on the foregoing, Defendant's Motion for Partial Summary Judgment (Docket Item No. 55) is GRANTED. Plaintiff's second Motion for Class Certification (Docket Item No. 50) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: February 26, 2015



EDWARD J. DAVILA
United States District Judge

---

however, does not directly address the distinction between "fruit juice from concentrate" and "fruit juice concentrate." Instead, Scarborough states only that "[t]he primary component, by far, of both grape and juice concentrates is sugar." That statement does not create a dispute as to whether Defendant's labels violate § 10160(c)(2)(ii) because the regulation focuses on "added sugars," not sugar content.

10
Case No.: 5:12-cv-03067-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION